JOURNAL ENTRY AND OPINION
Ventres Pickens filed this accelerated appeal from his conviction for escape, challenging the constitutionality of R.C. 2967.28, the post-release control statute, and contending that the trial court erred when it denied his motion to dismiss. Subsequent to briefing, the Supreme Court of Ohio decided Woods v. Telb (2000), 89 Ohio St.3d 504, and in its holding determined that R.C. 2967.28 did not violate the separation of powers doctrine or due process. In accordance with the doctrine of stare decisis, we are constrained to affirm the judgment of the trial court.
The history of the case reveals that on August 19, 1998, the grand jury indicted Pickens for escape for absconding from Ohio while under post-release control sanctions.[1] The trial court commenced a bench trial of this matter on October 14, 1999, after which the court found Pickens guilty. In a journal entry filed on November 23, 1999, the court sentenced Pickens to five years of community control sanctions. Therefrom, Pickens filed a timely notice of appeal with this court.
 I. SECTION 2967.28 OF THE OHIO REVISED CODE IS UNCONSTITUTIONAL ON ITS FACE BECAUSE IT VIOLATES THE DOCTRINE OF SEPARATION OF POWERS AND DUE PROCESS IN THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT-APPELLANT'S MOTION TO DISMISS ON THE BASIS THAT OHIO REVISED CODE, SECTION 2967.28 WAS UNCONSTITUTIONAL.
 III. DEFENDANT-APPELLANT WAS SUBJECT TO DOUBLE JEOPARDY IN VIOLATION OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.
In his three assignments of error, Pickens challenges the constitutionality of R.C. 2967.28. However, Pickens failed to argue these assignments separately as required in App.R. 16(A). As such, this court could disregard all three assignments of error pursuant to App.R. 12(A)(2). In addition, Pickens failed to support his third assignment of error and, instead, presented three unreported appellate decisions which found R.C. 2967.28 unconstitutional based on the separation of powers doctrine and the Due Process Clauses of the United States and Ohio Constitutions. They are: State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported; Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported; and Price v. Henry (Mar. 23, 2000), Logan App. No. 8-99-12, unreported.
After the parties had filed briefs in this case, the Supreme Court of Ohio reported its decision in Woods v. Telb (2000), 89 Ohio St.3d 504, holding in paragraph one of the syllabus: 1. R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions. As an inferior appellate tribunal, we are constrained to follow the holdings of the Ohio Supreme Court as stated in the syllabus of its reported decisions. Accordingly, we have concluded the claims raised here lack merit. For these reasons, we reject the assignments of error and affirm the judgment of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ TERRENCE O'DONNELL, JUDGE
JAMES D. SWEENEY, P.J. and ANNE L. KILBANE, J. CONCUR.
[1] Pursuant to R.C. 2921.01(E), detention includes post-release control. Absconding from post-release control constitutes escape under R.C. 2921.34.